[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $17,000 made by the defendant Commissioner of Transportation in respect to the partial taking of the plaintiff's property situated on the southerly side of Silver Lane in the town of East Hartford. The parties stipulated that the date of taking was April 12, 1990, and that the deposit of $17,000 had been paid. The parties also waived their right under General Statutes 13a-76 to have the trier view the subject property.
The subject property is located on the south side of Silver Lane in the central section of East Hartford. The property is an irregularly shaped parcel containing approximately 7345 square feet. It consists of a two story single family residence. The lot contains a detached garage which is used as a family room, a pool with a deck and fencing, privacy screening and a shed.
The take consists of a temporary easement for the purpose of installation of a 24" pipe during the construction of Routes I-91 and Connecticut Route 15. The temporary easement will be restored by grading and seeding of the area. In addition the state will acquire the right to remove the garage, pool, shed, deck and fence.
John Farrell Jr., a real estate appraiser testified as an expert witness on behalf of the plaintiff. It was his opinion that the before value of the subject property was $140,000, the after value $83,625 which reflected the cost to CT Page 7488 cure in respect to the removed items in the amount of $28,500 and severance damages of $27,875. He, therefore, found damages of $56,375.
Michael Aletta, a real estate appraiser employed by the Department of Transportation testified as an expert witness on behalf of the Commissioner. He opined that the before value of the subject property was $60,000 plus the cost to cure the removed items of $16,500 or a total of $76,500, that the after value was $60,000 resulting in damages of $16,500 to which he added $500 for the use of the temporary work area. He calculated total damages of $17,000.
I find the before value of the subject property to be $100,000 the after value $74,650 and the damages $25,350. In arriving at the after value I have taken into account the cost to cure in respect to the removed items, the temporary use of the work area and severance damages, if any.
Accordingly, judgment may enter in favor of the plaintiff in the amount of $25,350 less the amount of $17,000 already paid or an excess of $8350 with the interest on such excess from the date of taking to the date of payment together with costs and an appraisal fee of $1000.
Leo Parskey State Trial Referee